IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:18-CR-146 (TJM) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WILLIAM MORRISON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA

### I.   INTRODUCTION AND FACTUAL BACKGROUND

The United States of America ("United States") hereby files its sentencing memorandum requesting that the Court impose a sentence of 150 months, which is at the top of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") advisory range.  The United States adopts the facts and calculations set forth in the Presentence Investigation Report ("PSIR"), *see* Dkt. No. 29, prepared in this matter by the United States Probation Office ("Probation Office").

### II.   APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

#### a.  Statutory Provisions

The defendant's conviction under Count One of the Information, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, subjects him to a maximum term of imprisonment of life, a minimum term of imprisonment of ten years, a fine of up to $10,000,000, and a term of supervised release of at least five years and up to life.[1]

---

[1] The Enhanced Penalty Motion in this case was dismissed as a result of the First Step Act.  *See* Dkt. Nos. 19, 21.  As a result, the mandatory minimum term of imprisonment was reduced from twenty to ten years.

### b. Guidelines Provisions

The United States agrees with the calculations in the PSIR resulting in a base offense level of 30, pursuant to U.S.S.G. § 2D1.1(c)(5).  *See* PSIR ¶ 28.  After a three-level reduction for timely acceptance for responsibility, the offense level is reduced to 27.  *See* PSIR ¶ 37.  Based on the defendant's criminal history category of V, *see infra*, the corresponding range is 120 to 150 months.  *See* PSIR ¶ 81.

### c. Criminal History Category

According to the PSIR, the defendant's criminal history category is V.  *See* PSIR ¶ 52.  The United States agrees with the Probation Office's determination of the defendant's criminal history category under the Guidelines.

## III. SENTENCING RECOMMENDATION

Based on all of the information before the Court, the United States respectfully requests that the Court sentence the defendant to a term of imprisonment of 150 months and supervised release of ten years.  The defendant was an integral member of a violent drug trafficking organization that distributed large quantities of crack cocaine.  That organization was involved in a series of high-profile shootings, in Hudson, New York that terrorized local citizens and businesses over the course of several months.  Because of that violence, two young toddlers were shot, a man was killed, and numerous others injured.  The defendant was at the heart of that violence; in 2017, he was shot in in his buttocks during a drug-related shootout.  *See* PSIR ¶ 47.

The defendant's criminal history, and behavior in this case, demonstrates that he is, at bottom, an unrepentant violent armed criminal and drug dealer with no interest in leading a law-abiding life or respect for the safety of those around him.  In 2009, for example, after threatening

a victim with a handgun, the defendant tried to flee from police officers called to the scene, resulting in a dangerous, high-speed car chase throughout Hudson, New York that jeopardized the lives of police and innocents.  The defendant ultimately crashed into a police car before he was apprehended (incidentally, with drugs).  In 2010, in a cowardly act of violence, the defendant hit a man in the back of a head with a beer bottle—breaking the bottle and causing serious lacerations—and punched the man in the face, while the defendant's accomplice restrained the victim so he could not defend himself.  *See* PSIR ¶ 54.  More recently, in 2017—while on supervised release for a federal drug crime—the defendant got into a physical altercation, outside a strip club, with police officers in New York City.  During the course of that struggle, which involved the defendant punching and kicking police officers while resisting arrest, the defendant dropped the stolen, fully-loaded nine-millimeter handgun he was trying to bring into strip club.  *See* PSIR ¶ 47.  In addition to all of this shockingly bad conduct, the defendant is an absentee father, a habitual drug user, a drunk, and general community menace, who routinely drives drunk, drives without a license, ignores child support orders, and flouts police instruction, probation officers, and court orders.  A sentence at the top of the Guidelines is, in this case, necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g., Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").  Moreover, within-

guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act "to diminish unwarranted sentencing disparity."  *Rita v. United States*, 551 U.S. 338, 354 (2007).

Based on all of the information before the Court, the United States respectfully requests that the Court impose a sentence of 150 months.  Under the facts present here, such a sentence will be sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

Respectfully submitted this 6th day of August, 2019.

                        GRANT C. JAQUITH
                        United States Attorney

By:        */s/ Wayne A. Myers*
            Wayne A. Myers
            Assistant United States Attorney
            Bar Roll No. 517962